**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| LABORERS LOCAL UNION NOS.472 & 172 AND LABORERS LOCAL UNION NOS.472 &172 WELFARE AND PENSION FUNDS AND SAFETY, EDUCATION AND TRAINING FUNDS, et al.,<br><br>Petitioners,<br><br>v.<br><br>LUCAS CONSTRUCTION GROUP, INC.,<br><br>Respondent. | Civil Action No. 23-02825 (GC)<br><br>**MEMORANDUM ORDER** |

**CASTNER, United States District Judge**

This matter comes before the Court on motion of Petitioners Laborers' Local Union Nos. 472 & 172 ("Union"); Laborers' Local Union Nos. 472 & 172 Welfare and Pension Funds and Safety, Education and Training Funds ("Funds"); and Zazzali, Fagella & Nowak, Kleinbaum & Friedman, P.C., for an order holding Respondent Lucas Construction Group, Inc., along with its owner, Lionel Lucas, in contempt of the Court's June 27, 2023 Order and Judgment confirming the arbitration award against Lucas Construction. Petitioners seek to impose damages and fines against Lucas Construction, as well as the issuance of a warrant for arrest of Lionel Lucas. (ECF Nos. 5, 5-1.) Lucas Construction did not file opposition papers, and Petitioners did not reply. The Court carefully considered the submissions and decides the motion without oral argument pursuant to Federal Rule of Civil Procedure (Rule) 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, and other good cause shown, Petitioners' motion is **GRANTED** in part and **DENIED**

in part without prejudice, and the Court orders Lucas Construction and Lionel Lucas to show cause why they should not be held in civil contempt.

I. **BACKGROUND**

On June 27, 2023, the Court entered an order and judgment confirming the arbitration award, dated April 27, 2023, against Lucas Construction for unpaid contributions to employee benefit funds. (ECF Nos. 1, 4, 5.) The Order and Judgment included a post-judgment discovery component consistent with the arbitration award. Relevant here, the Order required (1) Lucas Construction to permit the Funds to audit its books and records, and (2) Lucas Construction, "its president, registered agent, or other authorized corporate official designated by the Funds" to "appear for discovery on oath and produce documents concerning the property and things in action of [Lucas Construction]." (ECF No. 4 ¶¶ 6, 10.)

Petitioners made two attempts to conduct post-judgment discovery with Lucas Construction. By letter dated July 19, 2023, Petitioners served Lucas Construction, via regular and certified mail addressed to Lionel Lucas, with a copy of the Order and Judgment and a subpoena duces tecum requiring a representative of Lucas Construction to appear for a deposition and to bring documents responsive to the subpoena on August 2. (O'Hare Aff. ¶ 10, Ex. G, 7/19/23 Letter, ECF No. 5-2 at 85-91.[1]) When no one from Lucas Construction appeared for the deposition, Petitioners sent a second letter, dated August 3, 2023, serving Lucas Construction, via regular and certified mail addressed to Lionel Lucas, with another subpoena duces tecum scheduling a deposition and document production for August 29. (O'Hare Aff. ¶¶ 11-12, Ex. H, 8/3/23 Letter,

---

[1] Page numbers for record cites (i.e., "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

ECF No. 5-2 at 92-99.)  Once again, no one from Lucas Construction appeared for the deposition. (O'Hare Aff. ¶ 13.)

Now, Petitioners move to hold Lucas Construction and Lionel Lucas in contempt of the Court's Order for failure to conduct discovery.  (ECF No. 5-4 at 3.)

## II.  LEGAL STANDARD & DISCUSSION

To prove civil contempt, a movant must demonstrate by clear and convincing evidence that "(1) a valid court order existed, (2) the defendant had knowledge of the order, and (3) the defendant disobeyed the order." *John T. ex rel. Paul T. v. Delaware Cnty. Intermediate Unit*, 318 F.3d 545, 552 (3d Cir. 2003) (quoting *Harris v. City of Philadelphia*, 47 F.3d 1311, 1326 (3d Cir. 1995)). "[A]mbiguities must be resolved in favor of the party charged with contempt.'" *F.T.C. v. Lane Labs-USA, Inc.*, 624 F.3d 575, 582 (3d Cir. 2010) (quoting *John T.*, 318 F.3d at 552).  "Although courts should hesitate to adjudge a defendant in contempt when 'there is ground to doubt the wrongfulness of the conduct,' an alleged contemnor's behavior need not be willful in order to contravene the applicable decree." *Id.* (quoting *Robin Woods Inc. v. Woods*, 28 F.3d 396, 399 (3d Cir. 1994); citing *John T.*, 318 F.3d at 552; *Harley-Davidson, Inc. v. Morris*, 19 F.3d 142, 148 (3d Cir. 1994)).

Petitioners also seek to hold in contempt nonparty Lionel Lucas, as Lucas Construction's owner.  "[W]hen a corporate officer fails to act on behalf of the corporation to comply with a court order, the officer too may be held in contempt," even if the officer was "not named in the court's original . . . order." *Sec'y of Lab. v. Altor Inc.*, 783 F. App'x 168, 174 (3d Cir. 2019) (quoting *Wilson v. United States*, 221 U.S. 361, 376 (1911); citing *Chicago Truck Drivers v. Bhd. Lab. Leasing*, 207 F.3d 500, 507 (8th Cir. 2000)).  Indeed, a corporate officer may "be held in contempt for failing to take actions within his power to comply with a court order." *Id.* (citing *Max's Seafood*

3

*Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 675-76 (3d Cir. 1999)); *see Fox v. Arbah Hotel Corp.*, Civ. No. 21-5479, 2022 WL 2384005, at *2 (D.N.J. June 30, 2022) ("[C]orporate officers may be held in contempt for failure to undertake corporate action compelled by a court order since a corporation is limited to the actions of its agents." (quoting *N.J. Bldg. Laborers Statewide Ben. Funds & Trustees Thereof v. Torchio Bros.*, Civ. No. 08-552, 2009 WL 368364, at *1 (D.N.J. Feb. 11, 2009))).

Petitioners provide support for each element of their contempt charge against Lucas Construction. First, the Court's June 2023 Order and Judgment is a valid court order requiring Lucas Construction to participate in post-judgment discovery. Second, the mailing records and delivery information of Petitioners' letters enclosing the Order and Judgment and discovery subpoenas indicate that the letters were delivered to Lucas Construction's location in Tinton Falls, New Jersey, and that each mailing was left with an individual who signed confirming receipt. (ECF No. 5-2 at 90, 98.)[2] Finally, Petitioners' counsel swears in his affidavit that Lucas Construction did not appear for either deposition subpoenaed. This evidence satisfies the clear-and-convincing standard for the first and third element of civil contempt.

The Court turns to the second element—that the accused party had knowledge of the order. Courts have found that Petitioners' method of service—personal delivery through certified mail with proof of receipt—establishes that a corporate defendant knew about the order. *See, e.g., Torchio Bros.*, 2009 WL 368364, at *2; *Agri Exotic Trading, Inc. v. Patriot Fine Foods, LLC*, Civ. No. 22-4898, 2023 WL 3052732, at *2 (D.N.J. Apr. 24, 2023). Thus, the Court is satisfied with

---

[2] Though the affidavit of Petitioners' counsel appears to note the wrong address for Lucas Construction (O'Hare Aff. ¶ 14), the letters appear to include the correct address (ECF Nos. 5-2 at 86-99).

Petitioners' proof that Lucas Construction knew about the Order and Judgment. Accordingly, Petitioners' motion to hold Lucas Construction in contempt is granted.

By contrast, the Court is not yet satisfied that Lionel Lucas should be held in contempt as a corporate officer. Courts have ruled that "[s]ervice made on the corporate defendant does not, without more, establish that the 'corporate principal' had actual knowledge of the order which he is alleged to have disobeyed." *N.J. Bldg. Laborers' Statewide Ben. Funds v. Ne. Const. Enterprises, Inc.*, Civ. No. 09-2040, 2009 WL 4666873, at *2 (D.N.J. Dec. 8, 2009) (cleaned up); *see Int'l Union of Operating Engineers Loc. 825 Emp. Benefit Funds v. Arts Landscaping*, No. CV 16-2059, 2017 WL 5260781, at *2-3 (D.N.J. Nov. 13, 2017) (finding that proof of delivery of a court order via certified mail to the corporate defendant's address was not clear and convincing evidence necessary to impose civil contempt on the corporate principal). Here, although the delivery records establish that someone at Lucas Construction signed for receipt of Petitioners' letters, the records do not make clear who received them or, critical here, whether Lionel Lucas received them. (*See* ECF No. 5-2 at 90, 98.)

For Petitioners to satisfy the clear-and-convincing standard, their evidence must make it "highly probable" that Lionel Lucas knew about the Order. *See Saturn Wireless Consulting, LLC v. Aversa*, Civ. No. 17-1637, 2021 WL 4739829, at *2 (D.N.J. Oct. 12, 2021) (noting that clear and convincing evidence shows that "the truth of [the proponent's] factual contentions are highly probable" (quoting *Araujo v. New Jersey Transit Rail Operations, Inc.*, 708 F.3d 152, 159 (3d Cir. 2013)). This is especially so given the seriousness of the actions that Petitioners seek—fines and imprisonment.

Civil contempt can be divided into sub-categories of actions to benefit the aggrieved party: (1) remedial or compensatory, and (2) coercive. *Torchio Bros.*, 2009 WL 368364, at *1 (citing

5

*Latrobe Steel Co. v. United Steelworkers of Am., AFL-CIO*, 545 F.2d 1336, 1344 (3d Cir. 1976)). Remedial or compensatory actions are backward looking, aiming to compensate the complainant for past disobedience; coercive actions are forward looking, purposed to bring a defiant client into compliance with a court order. *Torchio Bros.*, 2009 WL 368364, at *1 (citing *Latrobe Steel Co.*, 545 F.2d at 1344).  To these ends, courts may impose "an indeterminate period of confinement," which may "end only by the contemnor's ultimate adherence to the court order"; "levy a fine of a specified amount for past refusal to conform to the [order], conditioned . . . on the defendant's continued failure to obey"; or "specify that a disobedient party will be fined a certain amount for each day of non-compliance."  *Latrobe Steel Co.*, 545 F.2d at 1344 (citing *Gompers v. Buck's Stove & Range Co.*, 221 U.S. 418, 442 (1911); other citation omitted).

Here, Petitioners ask the Court to (1) require Lucas Construction to pay Petitioners damages of $5,000.00 as compensation and a coercive fine of $1,000.00 each day that Lucas Construction continues its contemptuous conduct, and (2) issue a warrant for the arrest of Lionel Lucas.  (ECF No. 5-1.)  But Petitioners do not provide evidence substantiating their claimed compensatory damages.  So the Court denies Petitioners' request for such damages without prejudice to their filing another affidavit detailing the basis for their claimed compensatory damages.

Contempt holdings also trigger due process principles.  "[A] corporate officer 'must be given notice that he personally stands in jeopardy of being held in contempt, notwithstanding that he has actual knowledge of contempt proceedings instituted against the corporation he represents.'"  *Agri Exotic Trading*, 2023 WL 3052732, at *3 (quoting *Remington Rand Corp.-Delaware v. Bus. Sys., Inc.*, 830 F.2d 1256, 1257 (3d Cir. 1987)); *see also Torchio Bros.*, 2009

WL 368364, at *1 ("Before a finding of contempt, a court must afford the Respondent due process rights of notice and opportunity to be heard." (citing *Harris*, 47 F.3d at 1322)).

Minding these principles, the Court finds that before being subject to contempt, Lionel Lucas must be informed that he personally stands in jeopardy of being fined or incarcerated for civil contempt. To resolve all doubt, the Court will order Lionel Lucas to show cause why the Court should not enter Petitioners' proposed order holding him in contempt and imprisoning him until he causes Lucas Construction to comply with the Court's Order and Judgment.

### III.   CONCLUSION & ORDER

For the reasons set forth above, and other good cause shown,

**IT IS** on this 29th day of July 2024 **ORDERED** as follows:

1. Petitioners' motion to hold Lucas Construction and Lionel Lucas in contempt (ECF No. 5) is **GRANTED** in part and **DENIED** in part without prejudice.

2. Lucas Construction is held in civil contempt for knowingly disobeying this Court's Order and Judgment. Lucas Construction may purge its civil contempt by participating in post-judgment discovery, as the Court ordered.

3. Lucas Construction must show cause in writing no later than 14 days after service why the Court should not enter Petitioners' proposed order holding it in contempt and imposing against Lucas Construction $5,000.00 in damages, plus $1,000.00 in fines each day until its civil contempt is purged.

4. Lionel Lucas must show cause in writing no later than 14 days after service why the Court should not enter Petitioners' proposed order holding him in contempt and imprisoning him until Lucas Construction complies with the Court's Order and Judgment.

5. Petitioners must personally serve Lucas Construction and Lionel Lucas with a copy of this Memorandum Order and file proof of such service within 14 days after the entry of this Memorandum Order.

6. Petitioners may submit additional evidence substantiating the amount of compensatory damages that Petitioners seek, including calculations and any other proof in support.

7. The Clerk's Office is directed to **TERMINATE** Petitioners' motion (ECF No. 5) and keep this case **CLOSED**.

*/s/ Georgette Castner*
**GEORGETTE CASTNER**
**UNITED STATES DISTRICT JUDGE**